IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF AARON JIMENEZ,
Deceased, by and through EUGENIO S.
MATHIS, personal representative,

    Plaintiff,

v.                                       No. 2:24-cv-00316 SCY/JMR

WEXFORD HEALTH SOURCES, INC., *et al.,*

    Defendants.

## NMCD DEFENDANTS' MOTION TO STAY DISCOVERY
## AND SUPPORTING MEMORANDUM

COME NOW Defendants Alisha Tafoya Lucero, Wence Asonganyi, and Orion Stradford (together, NMCD Defendants), through their undersigned counsel, and hereby submit their Motion to Stay Discovery. NMCD Defendants reached out to Plaintiff prior to the filing of this motion AND Plaintiff does not oppose the relief sought in this Motion.

1. NMCD Defendants have filed contemporaneously herewith their Motion to Dismiss and for Qualified Immunity.

2. "Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'" *Roybal v. City of Albuquerque*, No. 08-cv-0181-JB-LFG, 2009 WL 1329834, *10 (D.N.M. Apr. 28, 2009) (*quoting Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "If a reasonable person could have believed that the actions were lawful, 'defendants are entitled to dismissal before discovery.'" *Smith v. Kenny*, 678 F.Supp.2d 1093, 1107 (D.N.M. 2009) (*quoting Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992)).

3. "Issues of qualified immunity are best resolved at the earliest possible stage in litigation," *Glover v. Gartman*, 899 F.Supp.2d 1115, 1137 (D.N.M. 2012) (*quoting Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Therefore, once the defendant raises the issue of qualified immunity, "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982).

4. There is no reason to allow discovery or further litigation here pending resolution of NMCD Defendants' qualified immunity motion, which is based on the facts asserted in Plaintiff's Complaint, not on the evidentiary record, and can be decided pursuant to a Fed. R. Civ. P. 12(b)(6) standard. In other words, discovery is not necessary to decide the motion.

5. Based on the foregoing, NMCD Defendants request a stay of discovery and all litigation pending a resolution of their Motion to Dismiss and for Qualified Immunity.

WHEREFORE, NMCD Defendants respectfully request the Court to grant this Motion, to stay discovery and all other litigation pending a resolution of their Motion to Dismiss and for Qualified Immunity, and for such further relief as the Court deems appropriate.

Respectfully Submitted:

*/s/Mary T. Torres*
MARY T. TORRES, ESQ.
LAW OFFICES OF MARY T. TORRES
201 Third Street NW Suite 1950
Albuquerque NM  87102
505-944-9030
mtt@marytorreslaw.com
*Attorney for NMCD Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided electronically via the Court's electronic filing system to all counsel of record this 6th day of May, 2024.

*/s/Mary T. Torres*
Mary T. Torres