**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THE ESTATE OF AARON JIMENEZ, deceased, by
and through EUGENIO S. MATHIS, personal
representative of the estate,

      Plaintiff,

      vs.                                       1:24-cv-00316-SCY-JMR

WEXFORD HEALTH SOURCES, INC.; ALISHA
TAFOYA LUCERO, NM SECRETARY FOR
DEPARTMENT OF CORRECTIONS, in her individual
capacity; WENCE ASONGANYI, NMCD HEALTH
SERVICES ADMINISTRATOR, in his individual
capacity; ORION STRADFORD, NMCD BUREAU
CHIEF, in his individual capacity; MICHAEL
HILDENBRANDT, WEXFORD DIRECTOR OF
OPERATIONS, in his individual capacity; JOSEPH
MONTOYA, WEXFORD HEALTH SERVICES
ADMINISTRATOR OF CNMCF, in his individual
capacity; DR. KESHAB PAUDEL, WEXFORD
REGIONAL MEDICAL DIRECTOR, in his individual
capacity; RAUL NOCHES, WEXFORD REGIONAL
MANAGER OF CNMCF, in his individual capacity;
RAJESH SHARMA, WEXFORD MEDICAL DIRECTOR
OF CNMCF, in his individual capacity; SARAH
CARTWRIGHT, WEXFORD REGIONAL DIRECTOR
OF NURSING, in her individual capacity; DAVID
WHIPPLE, WEXFORD DIRECTOR OF NURSING OF
CNMCF, in his individual capacity; DENISE JONES,
WEXFORD DIRECTOR OF NURSING OF CNMCF, in
her individual capacity; LYNNSEY VIGIL, WEXFORD
UTILIZATION MANAGEMENT COORDINATOR, in
their individual capacity; and HEATHER GARZA,
WEXFORD UTILIZATION MANAGEMENT
COORDINATOR, in her individual capacity,

      Defendants.

**<u>PLAINTIFF'S OPPOSED MOTION TO STAY BRIEFING ON DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT</u>**

Plaintiff, through undersigned counsel, respectfully moves the Court for an order staying briefing on NMCD's Motion for Summary Judgment and Wexford's Motion for Summary Judgment. In support of his motion, Plaintiff states[1]:

## I.    INTRODUCTION

On September 15, 2025, NMCD Defendants filed a Motion for Summary Judgment [Doc. 67], arguing they are entitled to summary judgment because Plaintiff cannot establish deliberate indifference since there is no evidence NMCD Defendants had actual notice of systemic deficiencies in Wexford's medical care (pointing to ACA audits showing full compliance with medical standards) and they are entitled to qualified immunity. On September 18, 2025, Wexford Defendant filed a Motion for Summary Judgment [Doc. 68] arguing they are entitled to summary judgment because Mr. Jimenez received consistent and responsive medical care throughout his incarceration and was promptly transferred to the hospital when acute symptoms developed on April 3, 2021, defeating any claim of deliberate indifference, and the individual Wexford defendants cannot be held liable under supervisory or vicarious liability theories absent personal involvement.

Plaintiff's expert disclosure deadline was May 28, 2025. In compliance with the Court's January 28, 2025, Scheduling Order, Plaintiff timely served Dr. Herrington's report on that date. Between June 12 and June 27, 2025, after Plaintiff's expert deadline, NMCD Defendants served three sets of supplemental initial disclosures containing approximately 4,500 pages of records and documents. On June 27, 2025, NMCD Defendants served their own expert disclosure, including the report of Mary Boring and the full set of materials provided to Ms. Boring for review, simultaneously producing their Third Supplemental Initial Disclosures. Because these extensive

---

[1] Counsel for Wexford Defendants and NMCD Defendants were each contacted and each indicated opposition to this motion and the relief sought herein.

disclosures were produced after Plaintiff's expert deadline, Plaintiff was deprived of the opportunity to have Dr. Herrington review and analyze the new evidence and provide a written opinion prior to the deadline.[2]

Plaintiff has now moved for leave to serve a supplemental expert disclosure and report to address the late-produced materials and to respond to Ms. Boring's opinions. (Doc. 71, filed September 25, 2025.) Dr. Herrington's supplemental report is necessary to provide the Court with a complete expert record on issues central to both NMCD's and Wexford's motions for summary judgment, including the adequacy of medical care, policy compliance, and causation. Briefing the motions now would require Plaintiff to respond without the benefit of that complete record and risk duplicative or piecemeal litigation, inconsistent rulings, and unnecessary expenditure of judicial resources.

## II.    LEGAL STANDARD

A court has broad discretion to stay proceedings as part of its inherent power to control the disposition of cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This discretion includes the authority to stay briefing where doing so will promote efficiency and fairness. *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing courts' broad discretion to stay proceedings to promote economy of time and effort for the parties, counsel, and the court). Federal Rule of Civil Procedure 26(c) likewise authorizes a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

---

[2] Although the voluminous supplemental initial disclosures were produced via web link before Dr. Herrington's deposition, they were served after Plaintiff's written expert report deadline had passed and, due to counsel's oversight, were not provided to Dr. Herrington in time for him to review them and address them in his deposition testimony. As a result, his opinions do not yet reflect the late-produced materials, and supplementation is necessary to provide the Court with a complete expert record.

Courts in this Circuit apply their discretion to stay proceedings where doing so (1) advances judicial economy, (2) prevents inconsistent results, and (3) avoids prejudice to the parties. *See Hart v. Connected Wireless, Inc.*, No. 2:17-CV-186 TS, 2019 U.S. Dist. LEXIS 28803 (D. Utah Feb. 22, 2019); *Boswinkle v. Navajo Express Inc.*, No. 20-cv-3325-WJM-NYW, 2021 U.S. Dist. LEXIS 168728, at *12 (D. Colo. Sept. 7, 2021); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277 (D. Colo. 2004).

### III.    ARGUMENT

A.  <u>Staying the Issue Promotes Judicial Economy.</u>

Judicial economy favors staying briefing because the record before the Court is not yet complete. Dr. Herrington's original expert report was prepared before NMCD produced thousands of pages of supplemental disclosures. As a result, his opinions do not fully address the complete set of facts relevant to Plaintiff's claims. His supplemental report will provide a comprehensive analysis of the late-produced materials, which bear directly on the adequacy of care, policy failures, and causation.

Defendants argue that Dr. Herrington's opinions are irrelevant to summary judgment because their motions are based on what they call "undisputed" facts in the medical record. But this argument overlooks that the interpretation of those records, and the policies and decisions underlying the care provided, are precisely where factual disputes exist. Dr. Herrington's analysis contextualizes the records, identifies deviations from the standard of care, and addresses whether those deviations caused Mr. Jimenez's injuries and death. Those are quintessential jury questions that cannot be decided without expert interpretation.

Moreover, Plaintiff's claims involve systemic failures by Wexford and NMCD acting together. As alleged in the complaint, NMCD and Wexford have adopted and enforced each other's policies, and acted as each other's agents, such that their decisions and omissions are intertwined. Dr. Herrington's opinions about the adequacy of care and oversight therefore bear on both Defendants' liability. Allowing his report to be supplemented ensures that the Court considers those intertwined roles on the full evidentiary record, rather than deciding dispositive motions on a partial one.

Staying briefing until Dr. Herrington's supplemental report is served ensures that the Court has a complete expert record before ruling on whether any fact disputes exist. This avoids piecemeal briefing and prevents the waste of judicial resources that would result if the Court had to reconsider summary judgment after supplementation.

B.  Plaintiff Will Be Prejudiced Without a Stay

Absent a stay, Plaintiff would be placed in the untenable position of responding to dispositive motions without the benefit of a complete expert record. Dr. Herrington's opinions are central to Plaintiff's claims, and his analysis of the late-produced disclosures may materially affect the evidence available to oppose summary judgment. Proceeding now would deprive Plaintiff of a full and fair opportunity to present all relevant facts and expert opinions to the Court before judgment is considered.

Such a result is precisely what Federal Rule of Civil Procedure 56(d) is designed to prevent. The rule ensures that litigants are not compelled to oppose summary judgment before they have had an adequate opportunity to complete discovery and present all evidence necessary to show a genuine dispute of material fact. A brief stay will safeguard Plaintiff's right to a meaningful opportunity to respond on a complete record.

C. <u>Defendants Will Not Be Prejudiced by a Brief Stay</u>

Defendants will not be prejudiced by a short stay because they will retain the ability to present the same summary judgment arguments once the record is complete. Allowing the record to be supplemented first ensures that Defendants' dispositive motions can be considered on the strongest and most comprehensive evidentiary footing, eliminating the need for re-briefing or duplicative motion practice.

This approach benefits all parties and the Court. It allows Defendants to address Plaintiff's expert opinions fully and avoids the risk of inconsistent or partial rulings based on an incomplete record. Far from harming Defendants, a stay ensures their arguments will be evaluated in the proper factual context, promoting a fair and efficient resolution of the case.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay briefing on NMCD's and Wexford's Motions for Summary Judgment until the Court rules on Plaintiff's pending motion for leave to serve a supplemental expert report and opinion. Staying briefing will allow the Court to consider dispositive motions on a complete record, avoid duplicative briefing, and promote efficient resolution of the issues.

Respectfully submitted,

*/s/ Rebekah Wright*
COLLINS & COLLINS, P.C.
Parrish Collins
Rebekah Wright
P.O. Box 506
Albuquerque, NM 87103
(505) 242-5958

6

parrish@collinsattorneys.com
rebekah@collinsattorney.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that, on September 29, 2025, a true and correct copy of the foregoing was filed electronically via the ECF filing system, which caused all counsel of record to receive notice of electronic filing.

*/s/ Rebekah Wright*
Rebekah Wright