IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF AARON JIMENEZ, Deceased, by
and through EUGENIO S. MATHIS, personal
representative,

        Plaintiff,

     v.                                                  Civ. No. 24-316 SCY/JMR

WEXFORD HEALTH SOURCES, INC. et al.,

        Defendants.

## ORDER DENYING REQUEST TO SUPPLEMENT EXPERT OPINION

Before the Court are several motions[1] that boil down to two issues: (1) should Plaintiff be allowed to supplement its expert report on the basis of documents Defendants provided after Plaintiff's expert submission, even though Plaintiff already had almost all of the documents in its possession; and (2) should Plaintiff's deadline to file a *Daubert* motion be extended. Although the plethora of motions filed indicate the issues before the Court are complex, in reality, they are simple. Plaintiff's argument that it needed time to review the approximately 4,500 pages of supplemental disclosures the NMCD Defendants produced after Plaintiff disclosed its expert report has merit. Doc. 72 at 2. So does Plaintiff's argument that the time needed to review this discovery warrants an extension of certain briefing deadlines. However, because the discovery the NMCD Defendants provided was either already produced by Defendants in the parallel state

---

[1] The motions at issue are: (1) Plaintiff's Motion For Leave To Serve A Supplemental Expert Disclosure And Report And For An Extension Of Time To File A Daubert Motion To Exclude Testimony Of NMCD Expert Mary Boring, Doc. 71; (2) Plaintiff's Opposed Motion To Stay Briefing On NMCD Defendants' Daubert Motion To Exclude Testimony Of Ryan Herrington, M.D., Doc. 72; (3) Plaintiff's Opposed Motion To Stay Briefing On Defendants' Motions For Summary Judgment, Doc. 73; and (4) NMCD Defendants' Motion For Leave To File Surreply Regarding Plaintiff's Motion To Stay Briefing On Defendants' Daubert Motion And Motion For Summary Judgment, Doc. 89.

court case as well as other related cases, or is not relevant to Plaintiff's expert report, good cause does not exist to support Plaintiff's request to supplement its expert report.

Plaintiff's initial argument that good cause exists to extend the scheduling order deadlines to permit Plaintiff to supplement its expert report does have some appeal: a supplemental production of documents could constitute good cause to permit the other side to update an expert report to incorporate those documents. The problem with Plaintiff's argument, however, is that none of the documents in that supplement were new or unknown to Plaintiff as of its expert deadline. Most of the documents were already in Plaintiff's possession because NMCD produced them to the same Plaintiff acting as personal representative prosecuting related claims in other lawsuits against NMCD, or in the state court lawsuit that is a companion to this federal case. Doc. 78 at 4. The only *new* documents in the disclosure amount to 82 pages. *Id.* at 7-8. And "the overwhelming majority of those [new] records have no relevance to this lawsuit. For example, NMCD produced training logs for all trainings regardless of whether they implicated medical care, including training logs regarding weapons." *Id.* at 9.

In reply, Plaintiff candidly admits that the NMCD Defendants are right. Plaintiff agrees that it "does not claim that these materials were entirely new or previously unavailable." Doc. 88 at 2-3. Instead, Plaintiff says the request to supplement its expert report was based on the need to figure out what was in the production:

> [T]he June production was a disorganized and poorly indexed collection of documents, many overlapping with prior discovery, but presented without context or clear identification. The burden fell on Plaintiff's counsel to review and reconcile the production against the existing record to identify what was new, relevant, and material. That review and organization took time and consultation with Plaintiff's expert, which constitutes good cause under Rule 16(b)(4).

*Id.* at 3; *see also id.* ("NMCD's late production did not provide Plaintiff with access [it] lacked, but instead required time and effort to review and integrate those documents into the broader

record.").

The Court agrees that Plaintiff needed time to sort through the production.[2] And the Court gave Plaintiff a temporary stay on briefing most motions in this case because of this supplemental production. Docs. 74 & 77. But at this point, Plaintiff has done the review. Having now reached the conclusion that the documents in the supplementation were not new, there is no basis to supplement an expert report on the grounds that the report needed documents Plaintiff did not have. In other words, what Plaintiff wanted—time to sort through a large production—Plaintiff has achieved. There is no remaining reason to permit Plaintiff to supplement an expert report now that Plaintiff knows the production did not have any relevant material not already available to it at the time of its expert report.

Plaintiff makes another related request for relief: an extension of time to file any *Daubert* motion directed to the testimony of NMCD expert Mary Boring within seven days after service of Plaintiff's supplemental expert disclosure. Doc. 71 at 5. Plaintiff explains that the NMCD Defendants disclosed this expert at the same time they made the supplemental production. *Id.* at 3. Although the Court does not permit Plaintiff to make a supplemental expert disclosure, the reasoning above—the time needed for Plaintiff to review the contents of the supplemental disclosure—constitutes good cause to grant an extension of time. Plaintiff may file its *Daubert* motion directed to Boring's testimony within 14 days of the date of this order.

In sum, the Court denies Plaintiff's request to supplement its expert report but grants an

---

[2] NMCD Defendants disagree their supplemental production was a disorganized mess that necessitated laborious efforts by Plaintiff's counsel. They request a surreply to defend the method and contents of their production. Doc. 89. The Court's decision, however, does not turn on how well the production was disorganized. Even if the production was well organized, it was large enough that Plaintiff would need some reasonable time to review the material. Accordingly, the Court denies Defendants' motion for surreply as moot.

extension to file a *Daubert* motion. It denies the NMCD Defendants' motion for surreply as moot. It denies Plaintiff's motions to stay briefing on the NMCD Defendants' *Daubert* motion and summary judgment motion, and vacates the temporary briefing stay that was previously entered (Docs. 74 & 77). The briefing schedule on all pending motions shall resume according to the Local Rules starting from the date of this order.[3]

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's Motion For Leave To Serve A Supplemental Expert Disclosure And Report And For An Extension Of Time To File A Daubert Motion To Exclude Testimony Of NMCD Expert Mary Boring, Doc. 71, is GRANTED IN PART AND DENIED IN PART;

2. Plaintiff's Opposed Motion To Stay Briefing On NMCD Defendants' Daubert Motion To Exclude Testimony Of Ryan Herrington, M.D., Doc. 72, is DENIED;

3. Plaintiff's Opposed Motion To Stay Briefing On Defendants' Motions For Summary Judgment, Doc. 73, is DENIED; and

4. NMCD Defendants' Motion For Leave To File Surreply Regarding Plaintiff's Motion To Stay Briefing On Defendants' Daubert Motion And Motion For Summary Judgment, Doc. 89, is DENIED AS MOOT.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, a pending motion *without* a response would mean the response is due 14 days from the date of this order. A pending motion *with* a response would mean the reply is due 14 days from the date of this order. The Court is closed Thursday, December 25 and Friday, December 26, 2025, meaning Federal Rule of Civil Procedure 6(a)(3) and (a)(6) apply. The Local Rules continue to apply, including stipulations or motions for extensions of time. D.N.M.LR-Civ. 7.4(a).